ARTHUR *v.* DAVIES.

1. The duty on braces and suspenders is, *eo nomine,* fixed by the twenty-second section of the act of March 2, 1861 (12 Stat. 191), and the thirteenth section of the act of July 14, 1862 (id. 556).

2. Merchandise technically and commercially known as braces and suspenders is subject to the duty imposed upon them, although it would otherwise fall under the general designation applicable to other articles.

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1873, Davies & Co. imported into the port of New York certain merchandise, on which the collector imposed and collected a duty of fifty per cent, under the eighth section of the act of July 14, 1862. 12 Stat. 552. The importers insisted that they were liable only to a duty of thirty-five per cent, under the twenty-second section of the act of March 2, 1861 (id. 191), and the thirteenth section of the act of July 14, 1862 (id. 556).

A reduction, under the act of June 6, 1872 (17 id. 231), was allowed.

It was admitted at the trial of the suit brought by Davies & Co. against the collector that the goods were, —

1. Suspenders or braces manufactured of rubber, cotton, and silk; cotton being the component material of chief value.

2. Suspenders or braces manufactured of rubber, cotton, and silk; cotton being the component material of chief value, and the silk, being a few threads, only used for purposes of ornamentation.

It also appeared that they were commercially known as suspenders or braces, and that these terms are synonymous.

Judgment having been rendered for the plaintiffs, the collector sued out this writ of error.

*The Solicitor-General* for the plaintiff in error
*Mr. Edward Hartley, contra.*

Mr. Justice Hunt delivered the opinion of the court.

The twenty-second section of the act of March 2, 1861 (12 Stat. 191), imposed a duty of thirty per cent on " braces, suspenders, webbing, or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for."

The eighth section of the act of July 14, 1862 (id. 552), imposes the following duty : " On manufactures of india-rubber and silk, or of india-rubber and silk and other materials, fifty per cent *ad valorem.*"

The thirteenth section imposes : " In addition to the duties heretofore imposed by law on braces, suspenders, webbing, or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for, five per cent *ad valorem.*"   Id. 555, 556.

In Schedule C of the act of July 30, 1846 (9 id. 44), the same provision is made, in these words : " Thirty per cent *ad valorem* on braces, suspenders, webbing, or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for."

The same designation and the same duty are found in the seventh subdivision of sect. 5 of the act of Aug. 30, 1842, where they do not exceed two dollars per dozen in value. 5 id. 555.

It thus appears that for thirty years prior to this importation, and in four different statutes, braces and suspenders, composed wholly or in part of india-rubber, had been a subject of duty, *eo nomine;* and in the same statute where a duty of fifty per cent is imposed on other manufactures of which rubber is a component material, which it is now sought to apply to braces and suspenders, braces and suspenders containing that material are, by name, charged with an additional duty of five per cent.

It is not material that in one kind of suspenders cotton was the component of chief value, and that each contained some proportion of silk.   If they are technically and commercially braces and suspenders composed in part of india-rubber, they take their dutiable character from that source, and not from

the fact that they would otherwise fall under the general designation applicable to other subjects.

Under the principles of the cases already decided, it is clear that excessive duties were exacted, and that the rulings of the judge on the trial were correct.

*Judgment affirmed.*