## BEARD v. NICHOLS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Argued December 22, 1886.—Decided January 31, 1887.

Webbing made of india-rubber, wool, and cotton, and known as "wool elastic webbing," is subject to duty as webbing made of wool, or of which wool is a component material, at fifty cents per pound and in addition thereto fifty per cent. ad valorem; and not as webbing composed wholly or in part of india-rubber, at thirty-five per cent. ad valorem.

THIS was an action at law to recover back duties alleged to have been illegally exacted. Judgment for plaintiff, to review which defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Charles Levi Woodbury* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question in this case is as to the duty payable in the latter part of 1878 and the early part of 1879 on "webbing made of india-rubber, wool, and cotton," and known as "Wool elastic webbing," as distinguished from "Union elastic webbing," made of rubber, silk, and cotton, and "Cotton elastic webbing," made of rubber and cotton. It is used for gores and gussets in the manufacture of Congress boots, and, without the rubber, would not be adapted to that use. In its manufacture it is not wrought by hand or braided by machinery, but is woven in a loom.

In the court below, three clauses of § 2504 of the Revised Statutes were brought under consideration, to wit:

*First.* Schedule L, "Wool and woollen goods," Rev. Stat. p. 472: "Webbings, beltings, bindings, braids, galloons, fringes, gimps, cords, cords and tassels, dress trimmings, head-nets, buttons, or barrel buttons, or buttons of other forms for tassels or ornaments, wrought by hand or braided by machinery, made of wool, worsted, or mohair, or of which wool, worsted, or mohair is a component material: fifty cents per pound, and, in addition thereto, fifty per centum ad valorem."

*Second.* Schedule M, "Sundries," Rev. Stat. p. 477: "India-rubber, articles composed of.— Braces, suspenders, webbing, or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for, thirty-five per centum ad valorem."

*Third.* Schedule L, "Wool and woollen goods," Rev. Stat. p. 471: "Woollen cloths, woollen shawls, and all manufactures of wool of every description, made wholly or in part of wool,

not herein otherwise provided for: fifty cents per pound, and, in addition thereto, thirty-five per centum ad valorem."

In this court, however, it was conceded by the Solicitor General, in his argument for the collector, that, as the third clause does not specifically provide for webbing, and both the others do, that clause would not be relied on here. The precise question to be determined is, therefore, whether these goods are dutiable as "webbing . . . composed wholly or in part of india-rubber," at thirty-five per cent. ad valorem, or as "webbing . . . made of wool, . . . or of which wool . . . is a component material," at fifty cents per pound, and, in addition thereto, fifty per cent. ad valorem. The collector exacted the larger duty, and this suit was brought to recover back the difference between that and the smaller one. The court below gave judgment against the collector, and, to reverse that judgment, this writ of error was sued out.

In the tariff act of August 30, 1842, c. 270, § 5, subdivision Tenth, 5 Stat. 555, was this provision: "On india-rubber oil-cloth, webbing, shoes, braces, or suspenders, or other fabrics or manufactured articles composed wholly or in part of india-rubber, thirty per centum ad valorem." In the act of July 30, 1846, c. 74, § 11, Schedule C, 9 Stat. 44, this was the language: "Braces, suspenders, webbing, or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for." The same provision was made in the act of March 2, 1861, c. 68, § 22, 12 Stat. 191, and in the act of July 14, 1862, c. 163, § 13, 12 Stat. 556, which increased the duties on these articles five per centum ad valorem. In the last of these acts, § 8, p. 552, was the following provision: "On manufactures of india-rubber and silk, or of india-rubber and silk and other materials, fifty per centum ad valorem." These provisions of the acts of 1861 and 1862 were reënacted in substantially the same language as part of the Revised Statutes. That in relation to manufactures of india-rubber and silk, and india-rubber and silk and other materials, is found in § 2504, immediately preceding the second of the clauses above referred to.

In 1873, while the acts of 1861 and 1862 were in force, and before the enactment of the Revised Statutes, Davies & Co.

imported into New York "suspenders or braces manufactured of rubber, cotton, and silk," and the collector exacted a duty of fifty per centum ad valorem as upon a manufacture of india-rubber and silk and other materials; but this court held in *Arthur* v. *Davies*, 96 U. S. 135, that they were only dutiable at the rate of thirty-five per centum ad valorem, as suspenders or braces composed wholly or in part of india-rubber, and that they were not "otherwise provided for," as manufactures of india-rubber and silk and other materials, because for thirty years before the importation in that case, "and in four different statutes, braces and suspenders, composed wholly or in part of india-rubber, had been a subject of duty *eo nomine.*" During the same year Faxon, Elms & Co. imported into Boston from Liverpool webbing which was a manufacture of india-rubber, silk, and cotton, known as " Union Gusset," " Union Web," or " Union Elastic Web," and used in the manufacture of the gores or gussets of Congress boots. In this case, also, the collector exacted a duty of fifty per centum ad valorem, under § 8 of the act of 1862, as on manufactures of india-rubber and silk and other materials, but this court held at its October term, 1878, in *Faxon* v. *Russell*, not reported, on the authority of *Arthur* v. *Davies*, that the goods were only dutiable as webbing composed wholly or in part of india-rubber.

These cases, with which we are entirely satisfied, are conclusive upon the questions here involved. Ever since 1842 " webbing" composed wholly or in part of india-rubber has been a subject of duty *eo nomine*, and it is no more otherwise provided for, as webbing composed wholly or in part of wool than it would be as a manufacture of india-rubber and silk, or of india-rubber and silk and other materials, if silk had been one of its component parts.

*The judgment is affirmed.*