# ROBERTSON v. SALOMON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 272. Argued April 4, 5, 1892. — Decided April 18, 1892.

Elastic webbings, used as gorings for shoes, some composed of worsted and india-rubber, and the rest of cotton, silk and india-rubber, imported in March and June, 1884, were assessed with duties, the former as "gorings," at 30 cents per pound and 50 per cent *ad valorem*, under Schedule K of § 2502 of Title 33 of the Revised Statutes, as enacted by § 6 of the act of March 3, 1883, c. 121, 22 Stat. 509, and the latter at 35 per cent *ad valorem*, as "webbing, composed of cotton, flax or any other materials, not specially enumerated or provided for in this act," under Schedule N of the same section. *Id.* 514. The importers claimed that they were dutiable at 30 per cent *ad valorem* under said Schedule N, (*Id.* 513,) as

"india-rubber fabrics, composed wholly or in part of india-rubber, not specially enumerated or provided for in this act." *Held*, that the assessment of duties, as made, was correct.

"Goring" and "gorings" make their first appearance in the act of March 3, 1883.

The cases of *Davies* v. *Arthur*, 96 U. S. 135, and *Beard* v. *Nichols*, 120 U. S. 260, do not control the present case.

The Circuit Court erred in not submitting to the jury the question whether the goods were or were not known in this country, in trade and commerce, under the specific name of goring, and in directing a verdict for the plaintiffs.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Parker* for plaintiff in error.

*Mr. Edwin B. Smith* (with whom was *Mr. Stephen G. Clarke* on the brief) for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought October 15, 1884, in the Superior Court of the city of New York, by Bernard J. Salomon and Samuel Mendel Phillips against William H. Robertson, late collector of the port of New York, to recover an alleged excess of duties, amounting to $288.20, on certain goods imported into that port in March and June, 1884. The case was removed by the defendant, by *certiorari*, into the Circuit Court of the United States for the Southern District of New York, and was tried there, before a jury, in January, 1888. There was a verdict for the plaintiffs, for $157.08 as to certain of the goods, and for the defendant as to certain others of them; whereupon a judgment was entered for the plaintiffs for $157.08 damages, $46.85 costs, and $6.67 interest, making in all $210.60. To review that judgment, the defendant has sued out a writ of error.

The goods in question were invoiced as "elastic webbings." Some of them were composed of worsted and india-rubber, and the remainder of cotton, silk and india-rubber. The col-

lector assessed duties on the worsted and rubber goods at the rate of 30 cents per pound and 50 per cent *ad valorem*, and on the cotton, silk and rubber goods at the rate of 35 per cent *ad valorem*. The plaintiffs paid such duties under a protest, which stated the grounds of their dissatisfaction to be "that under existing laws, and particularly by Schedule N of the tariff act of March 3, 1883, said goods were liable at no more than 30 per cent *ad valorem*, as fabrics in part india-rubber, not otherwise specially enumerated or provided for." The duties claimed to have been levied and paid in excess of the lawful rate amounted, with interest, in the case of the worsted and rubber goods, to $125.04, and in the case of the cotton, silk and rubber goods to $32.04.

The bill of exceptions states as follows : " To further sustain the issue upon their part, the plaintiffs called witnesses who testified substantially that the goods in question are used to insert in the upper part of shoes and gaiters ; that the rubber is an essential part of the article ; and that it could not be used for the purpose for which it is intended without rubber. That it is sometimes known as elastic webbings, and that it is also known under the name of elastic goring. That there are webbings in which rubber is not a component part. That there are many kinds of webbings, such as surgical webbings, suspender webbings and upholstery webbings. That all narrow woven fabrics are considered webbings. That the articles in question in this action were woven on the loom. That webbings are always woven on the loom."

The defendant put in evidence which tended to show that the elastic webbing in controversy was bought and invoiced as " elastic webbing," but was sold in the market in the United States as " goring ; " that the general trade name for it in the United States was " goring ; " that it was never made on braiding machines or by hand ; that " elastic webbing " was a term known in trade and commerce in the United States prior to 1883, applicable to goods like the plaintiff's importation ; that the term " elastic webbing," applied to goods like those in question, had been known in trade and commerce, as the foreign name, since and prior to 1883, in and among importers

and large dealers, but that "goring" was the American name, and the article was so called because it was used to make gores of, and formed the goring of a Congress shoe; and that the shoe manufacturer called them gores. It was also admitted at the trial, that all the testimony contained in the bill of exceptions as to trade designation and use was likewise true immediately prior to and on March 3, 1883.

At the close of the case, the defendant moved the court to direct a verdict for him, upon the general ground that the plaintiffs had not established their contention, and specifically as to the goods composed of worsted and rubber, that it appeared from the testimony that they were known in this country under the specific name of "goring;" and that, especially since the word "goring" was inserted first into the worsted clause by the act of March 3, 1883, it more specifically described the goods in question than "fabrics in part of india-rubber." That motion was denied by the court, and the defendant excepted.

The defendant then asked to have submitted to the jury the question whether or not the merchandise composed of worsted and rubber was known in trade and commerce, and among large dealers in this country, under the name of "goring;" which motion was denied by the court, and the defendant excepted.

The court then directed a verdict for the plaintiffs for the respective amounts sought to be recovered by them. To this ruling the defendant excepted.

At the time the goods in question were imported, they were subject to duty under § 2502 of Title 33 of the Revised Statutes, as enacted by § 6 of the act of March 3, 1883, c. 121, 22 Stat. 488.

Schedule I, "Cotton and Cotton Goods," of § 2502, provided as follows (p. 506) in regard to duties: "Cotton cords, braids, gimps, galloons, webbing, goring, suspenders, braces, and all manufactures of cotton, not specially enumerated or provided for in this act, and corsets, of whatever material composed, thirty-five per centum *ad valorem*."

Schedule K, "Wool and Woollens," (p. 509): "Webbings,

gorings, suspenders, braces, beltings, bindings, braids, galloons, fringes, gimps, cords and tassels, dress trimmings, head-nets, buttons, or barrel buttons, or buttons of other forms for tassels or ornaments, wrought by hand, or braided by machinery, made of wool, worsted, the hair of the alpaca, goat, or other animals, or of which wool, worsted, the hair of the alpaca, goat, or other animals is a component material, thirty cents per pound, and in addition thereto, fifty per centum *ad valorem.*"

Schedule N, "Sundries," (p. 514): "Webbing, composed of cotton, flax, or any other materials, not specially enumerated or provided for in this act, thirty-five per centum *ad valorem.*"

And the same schedule, (p. 513): "India-rubber fabrics, composed wholly or in part of india-rubber, not specially enumerated, or provided for in this act, thirty per centum *ad valorem.* Articles composed of india-rubber, not specially enumerated, or provided for in this act, twenty-five per centum *ad valorem.*"

The collector levied on the goods composed of worsted and india-rubber 30 cents per pound and, in addition thereto, 50 per cent *ad valorem*, and on those composed of cotton, silk and india-rubber 35 per cent *ad valorem.*

The plaintiffs claimed that the goods were india-rubber fabrics, composed wholly or in part of india-rubber, not specially enumerated or provided for in the act, and, therefore, subject to a duty of only 30 per cent *ad valorem.*

We are of opinion that the judgment must be reversed. It appears distinctly that the goods in question were used to insert in the upper part of shoes or gaiters, and that, while each of the two kinds was called "webbing," it was also known as "goring." The worsted and india-rubber article was dutiable as webbing or as goring, at 30 cents per pound and, in addition, 50 per cent *ad valorem;* while the cotton, silk and india-rubber article was dutiable as webbing composed of cotton or any other materials not specially enumerated or provided for in the act, at 35 per cent *ad valorem.*

It is very clear that the words "goring" and "gorings" make their first appearance in the act of March 3, 1883; and

their insertion in that act must have had reference not merely to their absence from previous statutes, but in connection with such absence, to the construction which this court had put upon prior statutes in which those words did not appear, in reference to the duties leviable on articles of the character of those in question in this suit. Although the goods in question were composed wholly or in part of india-rubber, those composed of worsted and india-rubber were specially enumerated or provided for as "gorings," under Schedule K; and those composed of cotton, silk and india-rubber were specially enumerated and provided for in Schedule N, as "webbing, composed of cotton, flax or any other materials;" and all of them, therefore, were excepted from the 30 per cent duty imposed on india-rubber fabrics by Schedule N.

The cases of *Arthur* v. *Davies*, 96 U. S. 135, in 1877, in regard to goods imported in 1873, and of *Beard* v. *Nichols*, 120 U. S. 260, in regard to goods imported in 1878 and 1879, relied upon by the plaintiffs, do not control the present case.

In *Arthur* v. *Davies*, the articles in question were suspenders or braces, made of india-rubber, cotton and silk, cotton being the component material of chief value, and suspenders or braces made of india-rubber, cotton and silk, cotton being the component material of chief value, a few threads of silk being introduced for purposes of ornament. It was held that the goods were dutiable under § 22 of the act of March 2, 1861, (12 Stat. 191,) which imposed a duty of 30 per cent on "braces, suspenders, webbing or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for," and to an additional duty of 5 per cent *ad valorem* imposed on the same articles by § 13 of the act of July 14, 1862, (12 Stat. 556,) and not to a duty of 50 per cent *ad valorem*, imposed by § 8 of the same act, (12 Stat. 552,) "on manufactures of india-rubber and silk, or of india-rubber and silk and other materials." This was held on the ground that, if the articles were technically and commercially braces and suspenders, composed in part of india-rubber, they took their dutiable character from that source.

In *Beard* v. *Nichols*, the goods were webbing made of

india-rubber, wool and cotton, and were used for gores in making Congress boots, and without the rubber would not have been adapted to that use. They were not wrought by hand nor braided by machinery, but were woven in a loom, and appear to have been substantially like the goods in question in the present case, made of worsted and india-rubber. They were held to be dutiable at 35 per cent *ad valorem*, under § 2504 of the Revised Statutes, Schedule M, "Sundries," (p. 477,) which imposed that rate of duty on "braces, suspenders, webbing or other fabrics, composed wholly or in part of india-rubber, not otherwise provided for;" and not to a duty of 50 cents per pound and, in addition thereto, 50 per cent *ad valorem*, under Schedule L of § 2504, "Wool and woollen goods," (p. 472,) as "webbings" of which wool or worsted was a component material. That decision was put upon the ground on which it is there stated that the decision in *Arthur* v. *Davies* had been put, namely, that ever since 1842, webbing composed wholly or in part of india-rubber had been a subject of duty *eo nomine.*

But the act of March 3, 1883, does not impose a duty on "webbing composed wholly or in part of india-rubber," as did subdivision 10 of § 5 of the act of August 30, 1842, (5 Stat. 555,) and as did Schedule C of § 11 of the act of July 30, 1846, (9 Stat. 44,) and as did § 22 of the act of March 2, 1861 (12 Stat. 191,) and as did §. 13 of the act of July 14, 1862, (12 Stat. 556).

By the act of March 3, 1883, Schedule K, a duty is imposed on webbings and gorings of which wool or worsted is a component material, without reference to the fact whether the article contains india-rubber or not; and by Schedule N of the same act a duty is imposed on webbing composed of cotton, flax or any other materials, without reference to the fact whether it contains india-rubber or not.

We are of opinion that the goods composed of worsted and india-rubber were dutiable as gorings at 30 cents per pound and, in addition thereto, 50 per cent *ad valorem*, if they were known in this country, in trade and commerce, under the specific name of goring; that, whether they were or not so

known was, on the evidence, a question for the jury; that the court erred in not submitting that question to the jury; that the goods composed of cotton, silk and india-rubber were subject to a duty of 35 per cent *ad valorem;* and that the court erred in directing a verdict for the plaintiffs.

The judgment is

*Reversed, with a direction to grant a new trial, and to take further proceedings in conformity with this opinion.*