### LOWENTHAL et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 8, 1896.)

#### No. 28.

CUSTOMS DUTIES—ASTRACHAN TRIMMINGS.

The dress trimmings provided for in paragraph 398 of the tariff act of October 1, 1890, are not limited to such as are wrought by hand or braided by machinery. Following Robertson v. Salomon, 12 Sup. Ct. 752, 144 U. S. 603. Accordingly, held, that "astrachan trimmings," formed by weaving a fabric with alternate astrachan and plain strips, which is cut into single widths, and the plain portion turned under and stitched, are dutiable under said paragraph 398, and not under paragraph 392, as manufactures of animal hair not specially provided for. 65 Fed. 420, affirmed.

This is an appeal from a decision of the circuit court, Southern district of New York (65 Fed. 420), affirming a decision of the board of general appraisers, which sustained the classification for duty by the collector of the port of New York of certain merchandise imported by the appellants.

Albert Comstock, for appellants.

Jas. T. Van Rensselaer, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The articles in question are commercially known as "astrachan trimmings." They are composed chiefly of animal hair, and belong to the class of articles known as "dress trimmings." They are made by weaving, in the piece, a fabric with alternate astrachan and plain strips, which is then cut into single widths, and the plain portion turned under and stitched, generally

by hand. The collector classified and assessed them for duty under paragraph 398 of the tariff act of October 1, 1890. This paragraph reads as follows:

"398. On webbings, gorings, suspenders, braces, beltings, braids, galloons, fringes, gimps, cords, cords and tassels, dress trimmings, laces and embroideries, headnets, buttons, or barrel buttons, or buttons of other forms for tassels or ornaments, wrought by hand or braided by machinery, any of the foregoing which are elastic or nonelastic, made of wool, worsted, the hair of the camel, goat, alpaca or other animals, or of which wool, worsted, the hair of the camel, goat, alpaca, or other animals is a component material, the duty shall be sixty cents per pound and in addition thereto sixty per centum ad valorem."

The appellants contend that their goods should have been assessed for duty under paragraph 392 of the same act, which provides, among other things, for "all manufactures of every description made wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, not specially provided for in this act," at various rates, according to the value of the merchandise.

It is not disputed that the importations would fall within paragraph 392, unless they are specially provided for under paragraph 398. And the appellants insist that they are not covered by the last named paragraph, because not "wrought by hand or braided by machinery"; contending that the mere cutting of the piece goods into strips, turning the plain portion under, and stitching it in place, do not make their dress trimmings articles "wrought by hand." It is unnecessary now to discuss this contention. It must first be determined whether paragraph 398 covers dress trimmings, generally, of wool, worsted, hair, etc., or only such dress trimmings of which those materials are components as are wrought by hand or braided by machinery. In other words, the fundamental question in this case is whether the phrase, "wrought by hand or braided by machinery," following the long enumeration of articles mentioned in that section, qualifies each article therein enumerated. Such would appear to be the most natural and obvious construction of the sentence. Great Western Ry. Co. v. Swindon & C. E. Ry. Co., L. R. 9 App. Cas. 808. But such a construction of this paragraph seems no longer admissible, in view of the decision of the supreme court in Robertson v. Salomon, 144 U. S. 603, 12 Sup. Ct. 752. The earlier tariff act of 1883 was before the court in that case, but the particular paragraph construed was nearly identical with the one now in controversy; it read:

"Webbings, gorings, suspenders, braces, beltings, bindings, braids, galloons, fringes, gimps, cords and tassels, dress trimmings, head nets, buttons, or barrel buttons, or buttons of other forms for tassels or ornaments, wrought by hand or braided by machinery, made of wool, worsted, the hair of the alpaca, goat or other animal, or of which wool, worsted, the hair of the alpaca, goat or other animals is a component material, thirty cents per pound and in addition thereto fifty per centum ad valorem."

The articles in Robertson v. Salomon were elastic webbings composed of worsted and India rubber, known by the general trade name of "goring," and the circuit court held them to be dutiable as "fabrics in part of India rubber." The evidence showed that these

"gorings" were not wrought by hand or braided by machinery, but were woven on a loom. The supreme court reversed the circuit court, holding them dutiable under the paragraph above quoted, as gorings. Manifestly, such a conclusion was possible only upon a construction of the paragraph which did not carry back the words "wrought by hand or braided by machinery" as a qualification of the word "gorings," in the long enumeration of articles referred to. The position in the sentence of the words "dress trimmings," in the paragraph now under consideration, is not sufficiently variant from that of the word "gorings," in the earlier paragraph, to call for any different application of the qualifying words, "wrought by hand," etc. Therefore the latter do not restrict the words "dress trimmings" so that they will not cover the importations of appellants here, which are dress trimmings woven on a loom. The decision of the circuit court is affirmed.