## LOBSITZ v. UNITED STATES.

(Circuit Court, S. D. New York. May 22, 1896.)

CUSTOMS DUTIES—CLASSIFICATION—CAMEL'S HAIR NOILS.

Camel's hair noils, being the short hair of the camel, obtained by comb-
ing, were dutiable as noils, under paragraph 388 of the act of October
1, 1890, and not as camel's hair of the second class, under paragraphs 377
and 384, or as waste, under paragraph 472.

This was an appeal by S. Lobsitz from a decision of the board of
appraisers as to the classification for duty of certain merchandise
imported by him.

Stephen G. Clarke, for importer.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge.    The articles in question are camel's
hair noils.    They were classified for duty under paragraph 388 of the
act of 1890, which is as follows:

"388. On noils, shoddy, top waste, slubbing waste, roving waste, yarn
waste, garnetted waste and all other wastes composed wholly or in part of
wool, the duty shall be thirty cents per pound."

The importer protested, claiming that they are dutiable as camel's
hair of the second class, under paragraphs 377 and 384 of said act,
or as waste, under paragraph 472.    The latter claim was not pressed
on the argument.    It is clear that the article in question is not
waste.    Standard Varnish Works v. U. S., 8 C. C. A. 178, 59 Fed. 456;
Patton v. U. S., 16 Sup. Ct. 89.    The single question in the case is
whether the concluding clause of paragraph 388, "composed of wool,"
refers to these noils.    It appears from paragraph 375 that Schedule
K treats generally of wools, hair of the camel, etc.    It is further
relevant as bearing upon this question that the provisions for noils
and for articles made from camel's hair both appear for the first
time in this tariff act.    A "noil" means the short hair of the
camel or sheep, obtained by combing.    In the latter the short fibers
are the inferior product; in the former, the short hairs are the su-
perior product.    In view of the decision of the supreme court in
Robertson v. Salomon, 144 U. S. 603, 12 Sup. Ct. 752, as interpreted
by the circuit court of appeals in Lowenthal v. U. S., 18 C. C. A. 299,
71 Fed. 692, it is doubtful whether the qualifying clause would in any
case relate back to the word "noils."    In this case, however, as
camel's hair noils are not a waste, and as congress has carefully
enumerated various kinds of woolen waste, and has limited the quali-
fying phrase, "composed of wool," to other wastes only, it would
seem that it did not intend to include camel's hair noils therein.    The
designation under paragraph 388 of "noils," or the short hair of the
camel produced by combing, is more specific than the general desig-
nation of camel's hair.    If, as is contended by counsel for the im-
porter, congress only intended to include in said paragraph such noils
as are in fact waste, and therefore only noils from the wool of the

sheep, yet the precise language used does not permit of this construction. The word "noils" includes noils of camel's hair. Such noils are not waste. Therefore the language, "all other wastes," does not cover camel's hair. The decision of the board of general appraisers is affirmed.