Davis-D v. Collins 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-115-CV

     DON DAVIS, JR.,
                                                                                              Appellant
     v.

     JAMES COLLINS, ET AL.,
                                                                                              Appellees
 

From the 149th District Court
Brazoria County, Texas
Trial Court # 9110029
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal from the dismissal of an in forma pauperis prisoner's rights suit. The trial
court dismissed the cause as frivolous because it has no arguable basis in law or fact and its
realistic chance of ultimate success is slight. See Tex. Civ. Prac. & Rem. Code Ann. §
13.001(a) (2), (b)(1) (Vernon Supp. 1992). We reverse the dismissal in part.
PROCEDURAL HISTORY
      Don Davis, Jr., a prison inmate, brought a negligence and civil rights suit against eight prison
employees. Relying on section 13.001 of the Civil Practice and Remedies Code, the court
dismissed the suit as being frivolous before the defendants were served with process. See id. 
Section 13.001 provides:
      (a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of                                      Civil Procedure, has been filed may dismiss the action on a finding that:
            (1) the allegation of poverty in the affidavit is false; or
            (2) the action is frivolous or malicious.
      (b) In determining whether an action is frivolous or malicious, the court may consider  whether:
            (1) the action's realistic chance of ultimate success is slight;
            (2) the claim has no arguable basis in law or in fact; or
            (3) it is clear that the party cannot prove a set of facts in support of the claim. 
      (c) An action may be dismissed under Subsection (a) as frivolous or malicious either     before
or after service of process. 
Id.
      Because of recent federal decisions, a dismissal under section 13.001(b)(3) is no longer
appropriate. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989);
Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Johnson v. Lynaugh, 800
S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1990, writ denied). The federal counterpart
of section 13.001 is section 1915(d) of Title 28, which authorizes federal courts to dismiss in
forma pauperis suits "if the allegation of poverty is untrue, or if satisfied that the action is
frivolous or malicious." 28 U.S.C.A. § 1915(d) (West 1966). Although the federal statute does
not contain guidelines for determining when a suit is frivolous, a dismissal is proper if the claim
has no arguable basis in law and fact. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991);
Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert. denied, 493 U.S. 969, 110 S.Ct.
417, 107 L.Ed.2d 382 (1989); Pugh, 875 F.2d at 438. The rationale behind granting trial courts
this power is to "prevent abusive or captious litigation" where the in forma pauperis litigant "lacks
an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke,
109 S.Ct. at 1831. "To this end, the statute accords judges not only the authority to dismiss a
claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil
of the complainant's factual allegations and dismiss those claims whose factual contentions are
clearly baseless." Id. at 1833 (emphasis added). An example of an indisputably meritless legal
theory occurs when the petition asserts claims against defendants who are immune from suit. Id. 
An example of factually baseless contentions occurs when the petition describes claims arising out
of fantastic or delusional scenarios. Id.
THE ALLEGATIONS OF DAVIS' PETITION
      Prisoner complaints are notoriously difficult to decipher, and pro se pleadings must be
construed liberally. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). We interpret
Davis' petition as alleging two causes of action. The first is that the defendants, Collins, Countz,
Doughty, Foxworth, Heuszel, Ramsey, Blum, and Mangum—all prison employees—acted
negligently in removing Davis from the "safe-keeping" cell block to the "general-population" cell
block. His second contention is a section 1983 action against the eight prison employees asserting
that in their "official" and "individual capacities" they intentionally subjected him to cruel and
unusual punishment. See 42 U.S.C.A. § 1983 (West 1981).
      Davis claims to be a homosexual. He contends that by moving him from safe-keeping to the
general-population the prison employees knew he would be assaulted and raped. He claims to have
been assaulted and raped on three occasions after he was removed from safe-keeping. He further
alleges that he requested a "rape-examination" but that his request was denied; thus, he has no
actual proof that he was raped.       
NEGLIGENCE CLAIM
      State employees are entitled to quasi-judicial immunity from damages. See Johnson v.
Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no writ). Mere
negligence of state employees does not constitute a violation of the federal civil rights act. Whitley
v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); Lynaugh, 800
S.W.2d at 939. Thus, the negligence claim is meritless since the defendants are immune from
suit. We overrule point one. 
SECTION 1983 CLAIM 
      Convicted prisoners are entitled, under the Eighth Amendment, to protection from cruel and
unusual punishment. Jones v. Diamond, 594 F.2d 997, 1003 (5th Cir. 1979). Section 1983
imposes liability on "[e]very person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution
and laws." 42 U.S.C.A. § 1983. To state a claim under section 1983, Davis must show that his
constitutional rights were violated. See 42 U.S.C.A. § 1983. 
      Davis complains that the prison employees subjected him to "cruel and unusual punishment"
by moving him to the general-population cell block where he was beaten and raped. To be cruel
and unusual punishment, he must demonstrate that the eight prison employees acted with deliberate
indifference with respect to his safety or with an intent to cause harm to him; however, he is not
required to show an express intent to inflict unnecessary pain to state a constitutional action. See
Whitley, 106 S.Ct. at 1084; Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991). 
      Davis' petition states that the employees knew that Davis was a homosexual and that, by
moving him to the general-population cell block, they knew that he would probably be assaulted
and raped. Thus, Davis may be entitled to relief, under the Eighth Amendment, if he can show
purposeful acts on the part of the state employees or deliberate indifference to his safety amounting
to a violation of due process. See U.S. Const. amend. VIII; Holmes v. Goldin, 615 F.2d 83, 85
(2nd Cir. 1980). Because prison inmates' complaints are to be construed liberally, we hold that
Davis' allegations of intentional subjection to cruel and unusual punishment in his section 1983
claim were sufficient to allege a violation of his rights under the Eighth Amendment. See
U.S.Const. amend. VIII; Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981). 
      We are not saying that we believe Davis will prevail on his claims. However, as the court
stated in Green v. McKaskle:
It is, of course, not always easy to determine whether a claim is frivolous simply by
examining the pleadings. Prisoner complaints are notoriously difficult to decipher, and
pro se pleadings must be construed liberally. Haines v. Kerner, 404 U.S. 519, 92 S.Ct.
594, 30 L.Ed. 652 (1972). Unless the frivolousness of a claim is facially apparent, it is
`incumbent upon the court to develop the case and to sift the claims and known facts
thoroughly until completely satisfied either of its merits or lack of same.'
Green, 788 F.2d at 1119. The United States Supreme Court has held that even a petition which
fails to state a claim, which would be subject to dismissal under Federal Rules of Civil Procedure
12(b)(6), is not necessarily frivolous. See Neitzke, 109 S.Ct. at 1833-34; Fed. R. Civ. P.
12(b)(6).
      Applying the standard set out in Neitzke, we do not believe that Davis' second claim was
based on an "indisputably meritless legal theory" or that his factual allegations were "clearly
baseless." See Neitzke, 109 S.Ct. at 1833. We affirm the trial court's dismissal of the negligence
claim; however, we reverse the trial court's dismissal of the section 1983 claim and remand that
cause for further proceedings.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed October 7, 1992
Do not publish