United States Court of Appeals,

Fifth Circuit.

No. 93-1087

Summary Calendar.

Carl Albert GILBERTSON, Plaintiff-Appellant,

v.

TEXAS BOARD OF PARDONS AND PAROLES, et al., Defendants-Appellees.

June 11, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, a Texas prison inmate, sued for injunctive relief and damages claiming that after he was advised of his tentative parole date, he was notified that he had lost that date and no reason was given for the change. He proceeded in forma pauperis. The district court dismissed under 28 U.S.C. § 1915(d) as frivolous and this appeal followed. We affirm.

## BACKGROUND

Appellant filed this 42 U.S.C. § 1983 action against the Texas Board of Pardons and Paroles and Williams H. Brooks, Director of Parole Selection. Appellant alleged that on February 14, 1992, he was notified that his tentative parole date was scheduled for December 1992, and that on March 12, 1992, he was notified that he had lost his tentative release date. He contended that he was given no reason for the change, and had complied with every rule required to maintain his tentative release date. He requested injunctive relief, immediate release, and damages. The district court dismissed his complaint without prejudice as frivolous under 28 U.S.C. § 1915(d) without giving reasons.

## DISCUSSION

This appeal raises the question whether a Texas prison inmate has a constitutionally protected

interest in a tentative parole date, and whether he is entitled to reasons for denial of parole.[1] He has no such interest, and is not entitled to reasons.

The Supreme Court has held that the extent of a prisoner's liberty interest in parole release is defined by state statute. *Board of Pardons v. Allen,* 482 U.S. 369, 371, 107 S.Ct. 2415, 2416, 96 L.Ed.2d 303 (1987). Furthermore, when a state statute only holds out the possibility of parole, it provides "no more than a mere hope that the benefit will be obtained ... a hope which is not protected by due process." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). Similarly, Texas procedure creates nothing more than a hope. *Williams v. Briscoe,* 641 F.2d 274, 276 (5th Cir.1981), *cert. denied,* 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981) (comparing the Nebraska statute, which mandates parole unless one of four specific reasons proscribes release, to the Texas statute, which does not).

The Texas statute provides that "[t]he board is not required to establish a tentative parole month and program of progress if the board determines that to do so would be inappropriate in the prisoner's case and indicate[s] that determination in the prisoner's file.... The pardons and paroles division may revise a tentative parole month established under this subsection at any time the pardons and paroles division determines is proper." Tex.Code Crim.Proc.Ann. art. 42.18 sec. 8(e) (West 1988). The statute does not provide that the board must give reasons for denying parole or revising a tentative parole date. The vesting of such extensive discretion in the parole board precludes the creation of the liberty interest needed to assert a constitutional claim. Since this action does not state a constitutional claim it is properly dismissed as frivolous. *See Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir.1992).

Appellant's complaint could be considered as a habeas petition since, among other relief, he sought immediate release. However, since his allegations do not state a constitutional claim, there is no need for exhaustion; his complaint fails to state a cognizable habeas claim. *See Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir.1984) (neither habeas nor civil rights relief can be had absent

---

[1]The unusual procedure employed by the district court in dealing with this dismissal will not be addressed since we have recently addressed it in *Thompson v. Sheriff Of Scurry County,* No. 93-1023 (5th Cir.1993) (unpublished).

the allegation of a constitutional violation).

AFFIRMED.