United States Court of Appeals,

Fifth Circuit.

No. 92-4226.

Jimmy S. BOOKER, Plaintiff-Appellant,

v.

Richard KOONCE, et al., Defendants-Appellees.

Sept. 16, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, REYNALDO G. GARZA and JOLLY, Circuit Judges.

POLITZ, Chief Judge:

Jimmy Sol Booker, proceeding *pro se* and *in forma pauperis* filed a 42 U.S.C. § 1983 suit against the City of Wills Point, Texas, several of its police officers, and the local district attorney, claiming illegal detention, false arrest, wrongful imprisonment, and malicious prosecution. Following a *Spears*[1] hearing, the parties filed reciprocal motions for summary judgment. The magistrate judge recommended that Booker's complaint be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d) because "the Plaintiff has little or no chance of prevailing on the merits of his claim and ... the complaint lacks basis in fact and law." Booker timely appealed. For the reasons assigned we affirm the dismissal of his complaint.

*Background*

In connection with the investigation of a sexual assault which occurred on July 17, 1988, Police Chief Richard Koonce and Officer Scott Johnson went to Booker's house to question him. On August 17, Officer Ann Franks stopped Booker on the street and advised him that Chief Koonce wanted to see him. Booker voluntarily repaired to the station and was fingerprinted and photographed. On August 19, based upon an affidavit stating that Booker's thumb print was found at the crime scheme, the police obtained a warrant and arrested him for sexual assault. Booker was indicted and held in the county jail until May, 1989. The sexual assault charge was dismissed on

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

November 6, 1989.

Booker contends that there was no probable cause for his arrest because the police fabricated the evidence. He contends that the police obtained his fingerprint not from the crime scene, but during his August 17 visit to the police station. He alleges that Chief Koonce was involved in a conspiracy with Officers Franks and Johnson.

*Analysis*

Dismissal of an *in forma pauperis* petition under 28 U.S.C. § 1915(d) may be appropriate if the district court is "satisfied that the action is frivolous or malicious." We review a district court's section 1915(d) dismissal under the abuse of discretion standard.[2]

Prior to the recent Supreme Court teachings regarding section 1915(d) dismissals in *Neitzke v. Williams*[3] and *Denton,* we held in *Cay v. Estelle*[4] that "[a]n IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim." Thereafter, however, we determined that *Neitzke* invalidated *Cay's* third prong.[5] The question presented by this appeal is whether *Neitzke* and *Denton* also render invalid *Cay's* first prong.[6]

In *Denton,* the Court emphasized that review of a complaint for factual frivolousness is quite limited. A finding of factual frivolousness is only appropriate in the limited class of cases wherein the allegations "rise to the level of the irrational or the wholly incredible," and does not include cases in

---

[2]*Denton v. Hernandez,* --- U.S. ----, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

[3]490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

[4]789 F.2d 318, 326 (5th Cir.1986).

[5]*Pugh v. Parish of St. Tammany,* 875 F.2d 436 (5th Cir.1989). *Neitzke* held that a complaint which fails to state a claim for purposes of Fed.R.Civ.P. 12(b)(6) is not automatically frivolous within the meaning of section 1915(d).

[6]There is no question regarding the validity of Cay's second prong. In both *Neitzke* and *Denton,* the Court held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831-32; *Denton,* --- U.S. at ----, 112 S.Ct. at 1733.

which the court simply "finds the plaintiff's allegations unlikely."[7] Just as *Denton* counsels that it is inappropriate to dismiss those cases where t he plaintiff's factual allegations are unlikely, *Neitzke* counsels that claims which are legally unlikely are not necessarily frivolous. *Neitzke* recognizes as nonfrivolous a class of claims which ultimately may be dismissed under Rule 12(b)(6) but which have an arguable basis in law.[8] These claims, however, fall squarely within *Cay's* first prong—their "realistic chance of ultimate success is slight." If the plaintiff has a "slight" chance of success, there obviously is some chance.[9] Both *Denton* and *Neitzke* counsel against dismissing petitions which have some chance of success. A dismissal of such claims under section 1915(d) is inappropriate.

There was no abuse of discretion, however, in the section 1915(d) dismissal of Booker's claims against the Wills Point District Attorney and the City of Wills Point. A claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory.[10] A prosecutor enjoys absolute immunity from section 1983 damage claims for actions taken in initiating and pursuing prosecution.[11] Booker's claim against the city is likewise without an arguable basis in law. At the *Spears* hearing, Booker testified that he sued the City as the employer of the police officers and the district attorney. Section 1983 claims against a municipality may not be based upon respondeat superior liability.[12]

The district court's reliance on *Cay's* first prong for the section 1915(d) dismissal of Booker's

---

[7] --- U.S. at ----, 112 S.Ct. at 1733.

[8] 490 U.S. at 329, 109 S.Ct. at 1833.

[9] In *Pugh,* we suggested that to the extent that *Cay's* first prong permits dismissal of lawsuits which have "*no* realistic chance of success on the merits," it is wholly consistent with the purposes of section 1915(d). 875 F.2d at 438 (emphasis added). We agree. We invalidate *Cay's* first prong today, only to the extent that it permits section 1915(d) dismissal of claims which have some "slight" chance of success on the merits.

[10] *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832.

[11] *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Young v. Biggers,* 938 F.2d 565 (5th Cir.1991).

[12] *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Turner v. Upton County, Texas,* 915 F.2d 133 (5th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

claims against the police officers was improper. "The right to be free from illegal arrest plainly enjoys [constitutional] protection."[13] The officers contend that they should be immune from liability for Booker's arrest because they obtained a valid warrant.[14] Booker has alleged, however, that the officers fabricated the evidence upon which the magistrate issued the warrant. "[A]n officer who maliciously seeks to obtain a facially valid warrant should not be absolved from liability simply because he succeeded."[15] Booker's claim thus has an arguable basis in law and his factual allegations are not facially frivolous.

"When the judgment of the district court is correct, it may be affirmed on appeal for reasons other than those asserted or relied on below."[16] Although we find that the section 1915(d) dismissal of the officers was improper, it is clear from the record that the officers were entitled to summary judgment.[17] This case demonstrates the difference between the review for section 1915(d) dismissals and dismissals on the merits. In the section 1915(d) context, the initial assessment of the plaintiff's factual allegations "must be weighted in favor of the plaintiff;" the factual frivolousness determination "cannot serve as a factfinding process for the resolution of disputed facts."[18] At the summary

[13]*Thomas v. Sams,* 734 F.2d 185, 191 (5th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

[14]*See Hand v. Gary,* 838 F.2d 1420 (5th Cir.1988) (officer shielded from civil rights liability for arrest pursuant to warrant issued by neutral and detached magistrate judge).

[15]*Hand,* 838 F.2d at 1427 (citations omitted).

[16]*Wooton v. Pumpkin Air, Inc.,* 869 F.2d 848, 850 n. 1 (5th Cir.1989) (quoting *Terrell v. University of Texas System Police,* 792 F.2d 1360, 1362 n. 3 (5th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987)).

[17]Because the district court dismissed under section 1915(d), it denied both parties' motions for summary judgment. The parties were afforded an opportunity in the district court, however, to respond to the summary judgment motions. In fact, the magistrate judge's recommendation that the claim be dismissed and the officers' brief on appeal rely heavily on the lack of summary judgment evidence to support Booker's claims. In the interest of judicial economy, and because summary judgment is subject to *de novo* review by this court, we review the summary judgment record in this case on appeal to determine whether it provides an independent basis for affirming the dismissal of Booker's claims. To remand this case to the district court for an inevitable grant of summary judgment and yet another appeal therefrom would be a purposeless waste of scarce judicial resources.

[18]*Denton,* --- U.S. at ----, 112 S.Ct. at 1733. Thus, the district court should not have relied upon the summary judgment record in determining whether section 1915(d) dismissal is

judgment stage, however, we review the summary record as a whole. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[19] Booker has presented no more than conclusionary allegations in support of his claim that the Wills Point police officers manufactured evidence in order to get a warrant for his arrest. Summary judgment in favor of the police officer defendants, therefore, was in order.

Accordingly, the district court's judgment dismissing Booker's claims is AFFIRMED.

---

appropriate—"a § 1915(d) dismissal is not a dismissal on the merits." *Id.,* --- U.S. at ----, 112 S.Ct. at 1734.

[19]*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).