IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-40166
Summary Calendar

_____

Douglas E. Mitchell,

Plaintiff/Appellant,

versus

Bob Owens, Chairman, Pardon &
Paroles Division,

Defendant/Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(1:94-CV-666)
_____

(May 18, 1995)

Before JOHNSON, DUHÉ, and BENAVIDES, Circuit Judges.[*]

JOHNSON, Circuit Judge:

Texas prison inmate, acting *pro se* and *in forma pauperis*, filed a civil rights action against the Chairman of the Texas Board of Pardon and Paroles alleging that his constitutional rights had been violated by the state's failure to grant him parole. The district court dismissed suit as frivolous and inmate appeals. Because the appeal is frivolous, it is DISMISSED. *See* Loc.R. 42.2.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## I.    FACTS AND PROCEDURAL HISTORY

Douglas E. Mitchell alleges that he has served the statutory minimum required under Texas law for placement on parole.  He received an initial interview with a parole counselor, but several months passed from the date of that interview without Mitchell having received any notice of parole action.  Hence, Mitchell brought this action, *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief regarding his parole status.

The case was referred to a magistrate who determined that inmates in the Texas prison system have no protected liberty interest in being released on parole.  Thus, the magistrate judge recommended that Mitchell's action be dismissed as frivolous.

Mitchell objected to the Magistrate Judge's Report and Recommendation.  In those objections, Mitchell suggested that he is seeking to be released on mandatory supervision rather than parole.  The district court rejected Mitchell's objections, though, finding that Mitchell did not meet the criteria for mandatory supervision.  Hence, the district court adopted the Magistrate Judge's recommendation and dismissed Mitchell's claims as frivolous.  Mitchell now appeals.

## II.  DISCUSSION

An *in forma pauperis* complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) if it has no arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, ___, 112 S.Ct. 1728, 1733 (1992); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir.

1993); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  In making these judgments, district courts are vested with broad discretion and this Court will disturb such a determination only for an abuse of that discretion.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

To recover under 42 U.S.C. § 1983, a plaintiff must prove that he was deprived of a federal right.  *See Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  The extent of a prisoner's liberty interest in parole-release matters is defined by state statute.  *See Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).  In *Gilbertson*, this Court held that the Texas statute does not create a constitutionally-protected interest in a tentative parole date or other parole-release matters.  *Id.*

Because the Texas statute does not create a constitutional right in parole matters, Mitchell's arguments regarding his eligibility for parole and the propriety of the Board's actions do not implicate the denial of a federal right.  *See Id.;* Tex. Code Crim. Proc. Ann. art. 42.18 § West Supp. 1994).  Thus, this claim was properly dismissed as frivolous.[1]

III. CONCLUSION

The appeal is DISMISSED as frivolous.  *See* Loc.R. 42.2.

---

[1]  This Court also concurs with the district court that Mitchell has not met, or even alleged that he has met, the criteria for release on mandatory supervision.  Accordingly, this complaint lacks any arguable basis in either fact or law and thus was properly dismissed as frivolous.

3