IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50282
Conference Calendar
_____


DAMON HENRY DOWNS,

                    Petitioner - Appellant.



- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CV-114
- - - - - - - - - -
June 27, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     In a proceeding in the district court, Damon Henry Downs

sent a graphic threat of death by bombing to the district judge.

He directed it and prior threats to that judge in particular and

to the judiciary generally.  Downs's numerous convictions for

arson lead us to take the threat seriously.  Accordingly, with

only slight exception, we close the courthouse doors in this

circuit to Downs's abusive pleadings, letters, and other

communications.

     Downs may file no initial pleading in this court or in any

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

court subject to the jurisdiction of this court, except with the advance written permission of a judge of the forum court. Before filing any appeal or other action in this court, Downs shall submit to the clerk of this court a request for permission to file, together with the document that he proposes to file, which the clerk shall direct to an active judge of this court. In requesting the required permission in this court or in any court in this circuit, Downs shall inform the court of the bar stated herein.

The court in the Western District of Texas imposed on Downs sanctions that are more onerous than the sanction that we impose here. As Downs does not challenge the district court's sanctions, they are not before us for review. See, e.g., Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). As an exception to the circuit-wide bar described above, the sanction that we impose today shall become effective in the Western District of Texas only if and when the more onerous sanctions already in force there are withdrawn.

In requesting leave to proceed on appeal in forma pauperis (IFP), Downs challenges the district court's refusal of leave for him to file a civil rights suit attacking a change in the way that Texas prisoners accrue good time. An amendment to a state's parole eligibility procedure is not an ex post facto law. California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1599 (1995). Such a change is not subject to a civil rights challenge because it affects only a hope of release. Gilbertson v. Texas Bd. of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993). The

appeal is frivolous.  It is dismissed as such.  <u>See</u> 5th Cir. R. 42.2.

    IFP DENIED, APPEAL DISMISSED, SANCTION IMPOSED.  The clerk is directed to distribute this opinion to all clerks of court in this circuit.