IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60092
Conference Calendar

_____

ROBERT E. TUBWELL,

Plaintiff-Appellant,

versus

EDWARD M. HARGETT, Superintendent,
Miss. State Penitentiary, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:94-CV-45
- - - - - - - - - -
June 29, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Because it had no arguable basis in law, we hold that the district court did not abuse its discretion in dismissing Robert E. Tubwell's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). The negligent act of an official causing loss or injury will not, standing alone, state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986); Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); see Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993), cert. denied, 114 S. Ct. 702 (1994). Although a constitutional

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

deprivation can result from "tortious conduct exceeding mere negligence but not quite rising to the level of intentional, e.g., deliberate (or conscious) indifference, recklessness, or gross negligence," Salas v. Carpenter, 980 F.2d 299, 307 (5th Cir. 1992) (internal citations and quotations omitted), Tubwell has not alleged conduct on the part of the defendants which approaches this standard.

The magistrate judge did not abuse his discretion in permitting counsel for the Respondents to question Tubwell about his claim at the Spears[**] hearing.  See Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991).

Because it is unclear whether the Mississippi courts would hold that a subsequent state court tort suit is barred by res judicata by the federal court's § 1915(d) dismissal, we MODIFY the district court's judgment to provide that it is without prejudice to Tubwell's state law claims.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

APPEAL DISMISSED.  Fed. R. App. P. 34(a)(1).

---

[**]   Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985).