IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20271
Conference Calendar
_____


ROBERT LAMARR ALLEN,

                              Plaintiff-Appellant,

versus

JOHNNY KLEVENHAGEN, Sheriff; JOHN DOE,
#1; JOHN DOE #2,

                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-580
- - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Allen appeals from the district court's dismissal of his
civil rights complaint, 42 U.S.C. § 1983, as frivolous pursuant
to 28 U.S.C. § 1915(d).  He contends that "Harris County rules
governing administrative segregation" gave him a protected
liberty interest in remaining in the general prison population
and that he was improperly placed in administrative segregation
without receiving notice of the charges against him or a hearing.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

This court reviews a § 1915(d) dismissal for an abuse of discretion.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). Allen's claim that he had a protected liberty interest in remaining in the general prison population may not be based upon mandatory language that may be contained in the Harris County Rules governing administrative segregation.  See Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995).  Allen must show instead that his confinement to administrative segregation "imposes atypical and significant hardship" on him "in relation to the ordinary incidents of prison life."  See id. at 2300.  Given the fact that Allen had been convicted of fifteen disciplinary offenses, his confinement to administrative segregation for two months was not an "atypical or significant hardship" that gave rise to a protected liberty interest.  See id.

Allen's claim that he was placed in administrative segregation without receiving a hearing or notice of the charges against him, thus violating his due process rights, is similarly without merit.  Allen's disciplinary record reveals that notice was given and a hearing was held.  The district court did not abuse its discretion by dismissing Allen's complaint as frivolous pursuant to § 1915(d).

AFFIRMED.