UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20310
Summary Calendar
_____

WILLIAM HARPER,

Plaintiff-Appellant,

versus

K V TRAN, DR., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-2291)
_____

January 8, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

By EDITH H. JONES, Circuit Judge:[*]

Petitioner William Harper (Harper), a Texas prisoner, appeals the district court's dismissal of his pro se and in forma pauperis complaint, purportedly pursuant to 42 U.S.C. § 1983 (§ 1983), that prison officials were deliberately indifferent to his serious medical needs when assigning him work requirements. Because the district court did not abuse its discretion when it dismissed Harper's complaint as frivolous, this court affirms.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## I.  FACTUAL BACKGROUND

Harper entered prison with various medical conditions that restricted his ability to perform certain work assignments. After two separate medical evaluations of Harper, Dr. Tran, a prison physician, detailed his medical profile, indicating that Harper's activities should be limited to accommodate his third-class hypertension; third-class degenerative disc disease; and second-class vision.  Although Harper complained that these afflictions caused him significant pain, Dr. Tran was unable to prescribe medicine for this pain because of the potential for dangerous allergic reactions or cross actions with Harper's hypertension medicine.

Harper further complained that his pain mandated that he be reassigned from his duties as an orderly in the administrative segregation wing of the prison to a less strenuous assignment.  As an orderly, Harper's duties included climbing flights of stairs to deliver food to inmates; mopping and sweeping floors; and transporting barrels of wet laundry.  Harper requested a work reassignment from his supervisor, Captain Booth, and from Dr. Tran. Although Dr. Tran was not charged with determining work assignments, Captain Booth gave Harper a work release.  However, Captain Simpson, supervisor of all inmate orderlies, did not reassign Harper immediately.  Meanwhile, Harper remained convinced that continued work as an orderly endangered his health, so he informed Warden Peterson of his problems through grievance forms.

Harper was eventually reassigned to less strenuous duty in the officers' dining room at the prison.

Harper's complaint alleges that as a result of his grueling work as an orderly, he suffers from excruciating, recurring pain, has a severely limited range of motion, and has difficulty completing even the most effortless work assignment. To compensate him for his allegedly aggravated afflictions, Harper seeks monetary damages of $665,000 from each defendant.

## II. DISCUSSION

This court will vacate a district court's dismissal of a claim as frivolous under § 1915(d) only if the court abused its discretion. *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir. 1994). An in forma pauperis complaint may be dismissed as frivolous under § 1915(d) if it lacks an arguable basis in law or fact. *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir. 1993).

While "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Farmer v. Brennan,* ___ U.S. ___, 114 S. Ct. 1970, 1976 (1994), two requirements must be satisfied before a constitutional violation can be established. Initially, the treatment or condition "must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Wood v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995). Secondly, the prison official must have been "deliberately indifferent to inmate health or safety." *Id.* The Supreme Court has recently instructed that the appropriate

definition of deliberate indifference under the Eighth Amendment is akin to the standard of "subjective recklessness as used in the criminal law." *Farmer,* ___ U.S. at ___, 114 S. Ct. at 1980. Specifically,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer,* 114 S. Ct. at 1979.

The facts alleged by Harper do not demonstrate deliberate indifference to his medical condition in his work assignments. Rather, as the district court correctly observed, even assuming his allegations are true, Harper's claims prove that his work assignments were at worst, negligent. After all, careful review of the record establishes that prison officials did not compel Harper to complete his work assignments in a manner that would violate his medical conditions. If his work assignments somehow led to that unfortunate result, it was not because a prison official consciously disregarded a threat to Harper's health or safety. As a result, Harper's complaint is meritless because mere negligence will not suffice to support a claim of deliberate indifference. *See Mendoza v. Lynaugh,* 989 F.2d 191, 193 (5th Cir. 1993); *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989). A negligent assignment of work that is not cruel and unusual per se is simply not unconstitutional. *Jackson,* 864 F.2d at 1246.

### III. CONCLUSION

4

Because the district court did not abuse its discretion when it dismissed Harper's complaint as frivolous, its judgment is **AFFIRMED**.