**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40447
Summary Calendar
_____


CLAUDE E. JOINER,

Plaintiff-Appellant,

VERSUS

DIRECTOR, TDCJ-ID, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-707)
_____
July 30, 1996


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


Claude Joiner appeals the 28 U.S.C. § 1915(d) dismissal, as frivolous, of his state prisoner's lawsuit filed pursuant to the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb-2000bb-4.  We vacate and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Joiner is a Muslim. His grandmother ordered twenty cassette tapes so that he could learn Arabic in order to read the Qur'aan in Arabic. Mailroom officials at the prison refused to give him the tapes. The prison chaplain told him that he could buy the tapes but that they would have to be listened to in the chapel and would become the prison's property. Two other inmates, Saahir and David Rodriguez, possess tapes and tape players.[1] Saahir obtained his tapes through a court settlement, and Rodriguez is legally blind. Joiner maintained that he was denied his tapes because the chaplain does not like the Muslim leaders whom he is following.

The prison policy is that inmates are prohibited from possessing tape players or cassette tapes. Chaplains keep tapes for inmates to listen to in the chapel. Copies of prison records were provided to the magistrate judge that contained a response by the prison chaplain to Joiner's request. According to the magistrate judge, the response included a copy of a 1977 consent decree from the Southern District of Texas in a class-action lawsuit between Muslim inmates and the Texas prison system in *Brown v. Beto*, C.A. # 69-H-74. The decree requires prison officials to "[a]llow inmates to speak and teach the Islamic or Arabic language without discouragement, prohibition or other disciplinary action."

---

[1] Joiner specifically indicates that he does not wish to pursue an equal protection claim, but that he cites these examples to indicate that the prison is not using the least restrictive means available.

*Id.* The response also contained an affidavit from Alex Taylor, Regional Chaplaincy Coordinator, stating that "it is common practice at TDCJ units where there are practicing Moslems, an effort is made to instruct Moslem inmates in the Arabic language, as to reading and speaking in said language." *Id.*

The magistrate judge noted that the Supreme Court has recognized that limits may be placed on the religious rights that must be afforded to inmates and that, if a prison regulation impinges on an inmate's constitutional rights, it must be reasonably related to legitimate penological interests. The magistrate judge determined that, because the TDCJ permits inmates to learn the Arabic language by listening to religious tapes, Joiner's suit should be dismissed pursuant to 28 U.S.C. § 1915(d). Joiner filed a "Motion to Advise the Court" that the state had not "met the compelling interest test or the least restrictive means test as required by the R.F.R.A." Joiner also filed objections to the magistrate judge's report and recommendation, calling the court's attention to the applicability of RFRA. After *de novo* review, the court adopted the magistrate judge's recommendation and dismissed Joiner's suit with prejudice pursuant to § 1915(d). The district court denied without any discussion Joiner's "Motion to Advise the Court" about RFRA.

II.

An IFP claim that has no arguable basis in law or fact may be dismissed as frivolous. § 1915(d); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). Our review is for abuse of discretion. I*d.*

Joiner argues his district court allegation that his First Amendment right to freedom of religion is violated by the prison's refusal to permit him to possess the Arabic language tapes and a cassette tape player in his cell. He states that, just because inmates are permitted to teach each other Arabic, none is fluent enough to teach him the language. He contends that RFRA requires that the prison show a compelling interest in disallowing the tapes and a tape player in his cell and show that restricting them to the chapel is the least restrictive means of protecting that interest. He maintains that, to learn Arabic, he must be able to listen to the tapes forty-five minutes a day and that letting him listen to them in his cell is the least restrictive means because it does not require prison staff to oversee him, as would frequent trips to the chapel. He adds that the prison has one school of Islamic teaching and that the prison's Islamic chaplains do not recognize his leaders, thereby not allowing him to be the type of Muslim he wants to be.

Inmates retain their First Amendment right to free exercise of religion. *Powell v. Estelle*, 959 F.2d 22, 23 (5th Cir.), *cert. denied*, 506 U.S. 1025 (1992). Prior to the passage of RFRA, restrictions on the practice of religious beliefs had to be

4

"reasonably related to legitimate penological interests." *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992) (footnote omitted). The "legitimate penological interest" test used by the district court in the instant case is not controlling, because Joiner alleged that the defendants violated RFRA. RFRA prohibits the government from placing a substantial burden on the exercise of religion except when it is done "in the least restrictive means" that is "in furtherance of a compelling governmental interest." 42 U.S.C. § 2000bb-1. One of the purposes of RFRA is to "restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963), and *Wisconsin v. Yoder*, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened." 42 U.S.C. § 2000bb(b); *see Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

Thus, whether the prison violated Joiner's religious rights under RFRA must be analyzed using the "substantial opportunity" test previously employed. *See Hicks*, 69 F.2d at 26. We have remanded cases to the district court for reconsideration of an inmate's allegations of religious interference in light of RFRA. *See, e.g., Jones v. Cockrell*, No. 94-40188, slip op. at 5-6 (5th Cir. Feb. 6, 1995) (unpublished) (facial hair); *Alabama & Coushatta Tribes v. Trustees of Big Sandy Indep. Sch. Dist.*, No. 93-4365, slip op. at 2-4 (5th Cir. Mar. 31, 1994) (unpublished) (long hair).

Because the district court did not consider Joiner's claims in

light of RFRA, it is not certain whether the prison's refusal to allow Joiner to possess cassette tapes and a tape player in his cell is a "substantial burden" on the exercise of his religious beliefs. Although Joiner is free to go to the chapel to listen to the tapes, whether this is the least restrictive means of furthering the prison's presumable security interest in disallowing tapes and tape players in individual cells was not developed in the district court.

Because Joiner's claim may have an arguable basis in law under RFRA, the dismissal pursuant to § 1915(d) was an abuse of discretion. The judgment is VACATED, and the case is REMANDED for consideration under RFRA. We make no suggestion as to what decision the district court should make.