IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-20444
Conference Calendar

EDWARD S. HODGES, III,

Plaintiff-Appellant,

versus

BRADLEY SMITH; BILL R. TURNER; JIM W.
JAMES; JOHN M. DELANEY; MICHAEL R.
HOESCHOLER; BRAZOS COUNTY COMM'RS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-5020
- - - - - - - - - -
August 21, 1996

Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Edward S. Hodges, III (#313950), appeals the dismissal of his civil rights action as frivolous. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Hodges's claims call into question the validity of his conviction and sentence and may not be considered in a § 1983 action under the rule in Heck because Hodges has not

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

demonstrated that his conviction and sentence have been invalidated.

Even though this complaint is subject to dismissal under Heck, "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Defendants Jim James, Bill Turner, Bradley Smith, and John Delaney are entitled to absolute immunity from suit for damages in § 1983 actions arising out of acts performed in the exercise of their prosecutorial and judicial functions. Boyd, 31 F.3d at 284 (prosecutorial immunity); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993) (judicial immunity).

Finally, we note that Hodges's claim against his appointed trial counsel, Michael R. Hoescholer, does not involve state action and is not cognizable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 321-22, 325 (1981).

The district court did not abuse its discretion in dismissing the complaint as frivolous. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). The appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

We caution Hodges that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Hodges is further cautioned to review all pending

appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED.   SANCTION WARNING ISSUED.