IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40325
Summary Calendar
_____

RICKY G. MORENO,

Plaintiff-Appellant,

versus

LEPHER JENKINS; ORLANDO PEREZ; WILLIAM
A. BOOTHE; WILLIE MARTIN, JR.; DOUGLAS
DRETKE; BRIAN RODEEN; JOANN DAVIS; ENCINIA
SABAS, JR.; JULIA Z. LOPEZ; OPAL D. STEPHENS;
BARTOLO GONZALES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-246
---------------------
October 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ricky G. Moreno (Moreno), Texas prisoner #501109, appeals the district court's denial of his motions for appointed counsel, a temporary restraining order (TRO), discovery, and a partial summary judgment. He also appeals the district court's granting of defendants' motion for summary judgment.

The district court did not abuse its discretion by denying Moreno's request for appointed counsel, as Moreno did not

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish that his civil rights case presented exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). We do not have jurisdiction to review the district court's denial of Moreno's motion for a TRO. In re Lieb, 915 F.2d 180, 183 (5th Cir. 1990). The district court's rulings with respect to Moreno's motions for discovery and to compel discovery were not arbitrary and clearly unreasonable. Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986). Moreno has waived his argument that the district court erred in granting defendants' summary judgment before he had a chance to conduct full discovery. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). We do not consider Moreno's argument that the district court erred in refusing him leave to take written depositions as the record does not indicate that Moreno filed such a motion with the district court.

This court reviews a grant or denial of summary judgment *de novo*. Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994). Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). A plaintiff must show that his position as a litigant was prejudiced by his denial of access to courts. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). Conclusional allegations are insufficient to support a civil rights claim. Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988); Booker v. Koonce, 2 F.3d 114, 117 (5th Cir. 1993).

As Moreno failed to show that his legal position in any state or federal case was prejudiced by the defendants' alleged actions, the district court did not err either in denying Moreno's motion for partial summary judgment or in granting defendants' motion for summary judgment.  The judgment of the district court is therefore AFFIRMED.  Moreno's motions for appointment of counsel and oral argument are DENIED.