# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 95-10933
(Summary Calendar)

_____

RODNEY L. TURNER,                                                    Plaintiff-Appellant,

versus

JOE HERNANDEZ, Texas Department of Criminal Justice Employee,
Clements Unit; GREGREEY T. FRANKLAND, Sergeant, Texas Department
of Criminal Justice Employee, Clements Unit; BREWDC HOLLIMAN,
Captain, Texas Department of Criminal Justice Employee, Clements Unit;
JAMES A. LYNAUGH; BOOMER ROBERT SCOTT; WILLIAMS D. STUART,

                                                                   Defendants-Appellees.

_____

Appeal from United States District Court
for the Northern District of Texas
(2:92-CV-224)

_____

April 11, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        This is an appeal from the dismissal of Rodney Turner's civil rights complaint against several

defendants as frivolous pursuant to 28 U.S.C. §1915(d).  Because we find the lower court did not

abuse its discretion in dismissing Turner's complaint as frivolous, we DISMISS the appeal, WARN

Turner of possible SANCTIONS for any additional frivolous appeals, and DENY his MOTION to

supplement the record on appeal.

_____

    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

FACTS

Turner filed a §1983 complaint alleging he was denied his Fourteenth Amendment right to due process during disciplinary proceedings arising out of two incidents: his refusal to continue to work in the boot-making shop in 1991, and an accidental touching of an officer under casual circumstances in 1992. As a result of the first incident, Turner received 27 days' commissary restriction and 27 days' cell restriction. As a result of the second incident, which was originally written up as an assault of the officer involved, Turner received 15 days' solitary confinement, of which he served 5 days, 90 days' suspension of consideration for promotion in class, and 30 days' commissary restriction. Turner's good-time credits and parole were not affected. Both grievances against Turner were reversed upon appeal to state prison authorities and no longer appear on his disciplinary record.

DISCUSSION

An in forma pauperis complaint may be dismissed as frivolous pursuant to §1915(d) if it has no arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). This court reviews a §1915(d) dismissal for abuse of discretion. *Id.*

Before reaching the analysis of whether Turner received due process, the court must first determine whether the prison-imposed restrictions and confinements of which he complains constitute the deprivation of a protected liberty interest under the Due Process Clause. *Sandin v. Conner*, 115 S. Ct. 2293, 2297-2300 (1995). State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 115 S. Ct. at 2300 (internal citations omitted). Few deprivations in the prison context, short of those that clearly impinge on the duration of confinement, qualify for constitutional "liberty" status. *Orellana v. Kyle*, 65 F.3d 29, 31-32 & n.2 (5th Cir. 1995), *cert. denied*, 1995 WL 686283 (January 8, 1996). Turner did not hold a protected liberty interest under *Sandin* and *Orellana* because the acts by prison authorities did not affect the duration of his confinement or impose an atypical or significant hardship in relation to the

2

ordinary incidents of prison life.  *See Sandin*, 115 S. Ct. at 2297-3300; *Orellana*, 65 F.3d at 31-32.

Having carefully reviewed the record, the district court's order and the brief, we conclude that the appeal is frivolous.  Because the appeal is frivolous, it is DISMISSED.

We caution Turner that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Turner is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

Turner's motion to supplement the record is DENIED.

APPEAL DISMISSED; SANCTION WARNING GIVEN; MOTION DENIED.