U.S. DISTRICT COURT 
 NORTHERN DISTRICT OF TEXAS 
 IN THE UNITED STATES DISTRICT GouRT ~ FILED 
 FOR THE NORTHERN DISTRICT OF TEXAS 
 AMARILLO DIVISION JAN 1 6 2020 
 CLERK, U.S. DISTRICT 
MARCUS MARCOOT, § | COURT
TDCJ-CID No. 1919783, § te Deouty 
 5 reenact □□□ 
 Plaintiff, § 
 § 
v. § 2:16-CV-258-Z 
 § 
KEITH GENTRY, et al., § 
 § 
 Defendants. § 

 MEMORANDUM OPINION 
 DISMISSING CIVIL RIGHTS COMPLAINT 
 Plaintiff MARCUS MARCOOT, acting pro se and while a prisoner incarcerated in the 
Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, 
United States Code, Section 1983 complaining against the above-referenced defendants and has 
been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil 
rights complaint is DISMISSED. 
 JUDICIAL REVIEW 
 When a prisoner confined in any jail, prison, or other correctional facility brings an action 
with respect to prison conditions under any federal law, the Court may evaluate the complaint and 
dismiss it without service of process, Ali v. Higgs, 892 F.2d 438, 440 (Sth Cir. 1990), if it is 
frivolous,! malicious, fails to state a claim upon which relief can be granted, or seeks monetary 

! A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (Sth Cir. 1993); 
see Denton v. Hernandez, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C.§ 
1915(d), the Court must inquire whether there is an arguable “factual and legal basis of constitutional dimension for 
the asserted wrong.’” Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985) (quoting Watson v. Ault, 525 F.2d 886, 
892 (5th Cir. 1976)). The review of a complaint for factual frivolousness nevertheless is quite limited and “only 
appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly 

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 
1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by 
a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns 
prison conditions. 42 U.S.C. 1997e(c)(1). A Spears hearing need not be conducted for every pro 
se complaint.? Wilson v. Barrientos, 926 F.2d 480, 483 n.4 (5th Cir. 1991). 
 PLAINTIFF’S CLAIMS 
 At the time of filing this complaint, plaintiff was a prisoner incarcerated at the Texas 
Department of Criminal Justice (TDCJ) Neal Unit in Amarillo, Texas. By his complaint, plaintiff 
sues seven individuals. (ECF No. 1). Plaintiff was scheduled for a medical appointment to have 
his ears flushed. Defendant Jackson, a licensed vocational nurse, performed the procedure to flush 
plaintiffs ears. Plaintiff claims he asked for the water to be warmer and defendant Jackson became 
upset with him and ordered him out of the medical unit. 
 Plaintiff alleges that he was later written up (given a disciplinary infraction) for an assault 
on defendant Jackson. Plaintiff filed a grievance demanding the disciplinary charge and conviction 

incredible,” not just to the level of the unlikely. Booker, 2 F.3d at 114. Nor is /egal frivolousness synonymous with 
mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit 
repeatedly counsel district courts against dismissing petitions that have some chance of success. See, e.g., Denton v. 
Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 329 (1989); Booker, 2 F.3d at 116. That caution 
notwithstanding, a “claim against a defendant who is immune from suit is frivolous because it is based upon an 
indisputably meritless legal theory. See Neitzke, 490 U.S. at 327; Booker, 2 F.3d at 116. 
2 A Spears hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined 
claim as frivolous. See Spears, 766 F.2d at 182. 
3 Green vs. McKaskle, 788 F.2d 1116, 1120 (Sth Cir. 1986) (“Of course, our discussion of Spears should not be 
interpreted to mean that all or even most prisoner claims require or deserve a Spears hearing. A district court should 
be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together 
with the Watson questionnaire.”) 
 -2- 

be dismissed from his record and his good time, lost as a result of the conviction, be restored. 
Plaintiff claims this disciplinary infraction possibly cost him parole. 
 By these claims, plaintiff alleges that all defendants participated in various unlawful acts 
that resulted in his disciplinary conviction, including: fabricating evidence against him, perjury, 
false statements, failure to investigate grievances concerning the incident, and failing to correct 
misconduct. Plaintiff seeks monetary damages and requests “restoration of his good-time credits” 
and injunctive relief. 
 ANALYSIS 
 The Supreme Court has held that a section 1983 claim which attacks the constitutionality 
of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or 
sentence) has been “reversed on direct appeal, expunged by executive order, declared invalid by a 
state tribunal authorized to make such determination, or called into question by a federal court’s 
issuance of a writ of habeas corpus.” Heck v. Humphrey, 512 U.S. 477 (1994); Wells v. Bonner, 
45 F.3d 90, 94 (Sth Cir. 1995). In Edwards v. Balisok, the Supreme Court approved the application 
of the Heck doctrine to the prison disciplinary setting and held that a state prisoner’s claim for 
damages in a challenge to the validity of the procedures used to deprive him of good-time credits 
was not cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641 (1997). 
 Here, plaintiff is challenging a conviction on a disciplinary case and the resulting sentence. 
Any consideration of these claims would necessarily invalidate the conviction and sentence, and 
plaintiff has not shown his disciplinary case was reversed or declared invalid or was called into 
question by the issuance of a writ of habeas corpus. Thus, his claims are frivolous. 

 -3- 

 CONCLUSION 
 For the reasons set forth above and pursuant to Title 28, United States Code, sections 
1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED 
that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 
1983 be DISMISSED with prejudice as frivolous until the Heck conditions are met. 
 SO ORDERED. 
 January Le. 2020. □□□ 
 UNITED STATES DISTRICT JUDGE 

 -4-