**Wallace S. PUGH, Plaintiff–Appellant**

v.

**PARISH OF ST. TAMMANY, et al., Defendants–Appellees.**

No. 88–3916
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 31, 1989.
Rehearing Denied June 20, 1989.

Wallace S. Pugh, Angie, La., pro se.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I.

The plaintiff, Wallace Pugh, was sentenced to twelve years' imprisonment for his fourth conviction for driving under the influence of alcohol. He filed this action, pursuant to 42 U.S.C. § 1983, *in forma pauperis* (IFP) against St. Tammany Parish and its assistant district attorneys, asserting that the bill of information on which he was convicted was defective in that one of the prior DWI convictions alleged in the bill was not in fact a conviction. In the district court, Pugh sought monetary damages and a declaration that the fourth DWI conviction is void.

The magistrate recommended (1) dismissing with prejudice Pugh's civil rights complaint as frivolous under 28 U.S.C. § 1915(d); (2) dismissing without prejudice, for failure to exhaust state remedies, that element of Pugh's complaint that appeared to sound in habeas corpus; and (3) taxing Pugh ten dollars in court costs for filing this frivolous suit, which is his seventh action against the district attorneys' offices of either St. Tammany or St. Charles Parish and his fourteenth suit regarding his DWI convictions filed in the same district court. That court rejected Pugh's objections to the magistrate's report and adopted the report.

## II.

Correctly, the magistrate and district court concluded that the defendants are entitled to absolute prosecutorial immunity, even assuming the truth of plaintiff's

factual allegations. The magistrate noted that " 'in initiating a prosecution and in presenting the state's case, the prosecutor is immune from a civil suit for damages under § 1983' " (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). Based upon this immunity, the magistrate recommended dismissal pursuant to section 1915(d), noting that "Pugh has utterly failed to state a claim for relief under § 1983."

Thus, the district court, in adopting the magistrate's report, appears to have dismissed plaintiff's action *sua sponte* under Fed.R.Civ.P. 12(b)(6); that is, the court apparently concluded that a complaint that fails to state a claim under rule 12(b)(6) is *ipso facto* frivolous under section 1915(d). At the time of the district court's entry of judgment, the law in this circuit supported that proposition. For example, in *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir.1986), we held that "[a]n IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law and fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim." *Accord, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

■ This law has been changed by a recent and intervening Supreme Court opinion. In *Neitzke v. Williams*, —— U.S. ——, —— – ——, 109 S.Ct. 1827, 1830–31, 104 L.Ed.2d 338 (1989), the Court held "that a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim." Thus, the third prong of the three-part *Cay* test is no longer valid.

### III.

■ Although the magistrate's report in this case mentions only the failure to state a claim as ground for dismissal under section 1915(d), it is evident that the complaint here is a qualifying candidate for dismissal under either of the remaining two prongs. We hold that both of these grounds plainly survive under *Neitzke*.

As for the second prong, for example, *Neitzke* provides that " . . . a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at ——, 109 S.Ct. at 1829. As an example of such a "meritless legal theory," *id.* at ——, 109 S.Ct. at 1830, the Court mentions "claims against which it is clear that the defendants are immune from suit." *Id.* Thus, the instant cause easily could have been dismissed on the basis of the second *Cay* test.

Similarly, dismissal would have been amply justified here on the ground of no realistic chance of ultimate success, the first-listed basis in *Cay*. The Court speaks broadly of the appropriate use of section 1915(d) in dismissing "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* Permitting dismissal of lawsuits that have "no realistic chance of ultimate success" fosters and is wholly consistent with that goal.

Thus, the Court in *Neitzke* has eschewed the broad-brush effect of rule 12(b)(6) dismissals under section 1915(d) because caught in such a net are both cases based "on an outlandish legal theory [and those based] on a close but ultimately unavailing one." *Id.* —— U.S. at ——, 109 S.Ct. at 1829. Complaints that obviously have no chance of success are of a different stripe from those which the Court has now saved from the ax of section 1915(d) on account of their cognizable merit. The Court's impetus in construing section 1915(d) in *Neitzke* is to treat fee-paying and IFP litigants the same, insofar as that is possible, in regard to disincentives to filing frivolous actions. A case with no realistic chance of ultimate success is patently "frivolous" in that sense and would be unlikely to be filed by a party or attorney required to pay filing fees and faced with the possible consequences of rule 11. Permitting dismissal of such suits, when pursued by an IFP plaintiff, treats all plaintiffs alike, to the extent possible. Thus, in summary, we hold that both the first and second prongs of the *Cay v. Estelle* test remain viable, as

the law in this circuit, in light of *Neitzke v. Williams.*

## IV.

It appears, therefore, that the district court properly dismissed the complaint under section 1915(d), but for the wrong stated reason. But as this is a question of law, we may decide it now, in the interest of judicial economy. Accordingly, we affirm the dismissal, under section 1915(d), of the section 1983 claim, as the defendants were engaged in the initiation and prosecution of plaintiff's criminal case and hence are absolutely immune from an action for damages.

## V.

■ The complaint also seeks release from custody. The district court dismissed without prejudice this habeas corpus element of plaintiff's action because he had not exhausted his state remedies. In his objections to the magistrate's report, plaintiff contended that he had exhausted state remedies by filing a "writ" with the Louisiana Supreme Court which that court transferred to an appellate court that denied it. In his brief, Pugh characterizes the "writ" as a writ of mandamus. However, whatever the "writ" was, it was not sufficient to exhaust state remedies. *See* La.Code Crim.Proc.Ann. art. 351 *et seq.* (West 1967 and Supp.1989). Hence, the district court properly dismissed without prejudice that aspect of Pugh's complaint that sounded in habeas corpus.[1]

The judgment of the district court is AFFIRMED.

---

**1.** The plaintiff does not challenge, on appeal, the imposition of ten dollars for filing a frivolous lawsuit.