**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60073
Summary Calendar

DAVID McDONALD,

Plaintiff-Appellant,

VERSUS

ANN LEE; RAYMOND ROBERTS; EARL JACKSON; SUZIE STEIGER,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(4:95-CV-369)

June 24, 1996

Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant, David McDonald ("McDonald") appeals the dismissal of his civil rights action against Mississippi prison officials. We affirm.

FACTS AND PROCEEDINGS BELOW

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

McDonald, a Mississippi state prisoner, filed this *pro se, in forma pauperis* (IFP) 42 U.S.C. § 1983 action against various prison officials, claiming that the defendants retaliated against him for requesting to move from Unit 29 by placing him in Unit 32 on "D-Custody." He contended that he was denied adequate due process in the move as he was not given any justification or reasons for the move. He alleged that he had been on Unit 32 from July 13, 1995 through the time he filed the complaint in November 1995. During that time he had been denied all of the privileges enjoyed by the general population, including phone calls, yard and gym calls, contact visits, movie and education privileges, canteen calls and custody upgrades. McDonald also complained that his close confinement violated his Eighth Amendment right to be free of cruel and unusual punishment. A memorandum from prison officials, which McDonald attached to his complaint, explained that he was placed on D-Custody status and moved to Unit 32 because of his institutional conduct and behavioral problems. McDonald also attached several rule violation reports for various incidents, including destruction of state property and for encouraging others to riot.

Prior to service of the defendants, the district court considered McDonald's complaint and *sua sponte* dismissed it with prejudice for failure to state a claim upon which relief could be granted. The district court stated that prison regulations not affecting the duration of an inmate's confinement did not afford an

2

inmate a protected liberty interest, and, consequently, any delay in releasing McDonald in to the general prison population, even if not justifiable, did not rise to a constitutional issue cognizable under § 1983. The district court did not address McDonald's retaliation claim or his Eighth Amendment claim.

DISCUSSION

McDonald contends that the district court erred by dismissing his complaint for failure to state a claim because it did not address his due process claim. McDonald asserts that he has been held in long-term disciplinary confinement with only perfunctory review and no guide explaining how he can reenter general population. McDonald contends that his approximate eight-month restricted confinement imposes atypical and significant hardship upon him which violates his due process rights.

a. Standard of review.

This case presents a procedural anomaly because the district court *sua sponte* dismissed McDonald's IFP action for failure to state a claim prior to service on the defendants. Although this circuit's law previously allowed a district court to dismiss an IFP complaint as frivolous for failure to state a claim, dismissal of an IFP complaint on this basis is no longer allowed. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). However, the dismissal can be upheld if it is apparent that McDonald's claim

3

has no arguable basis in law or in fact. *See id.* at 438-39.

In dismissing an IFP complaint, the district court has "'not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Macias v. Raul A., Badge No. 153,* 23 F.3d 94, 97 (5th Cir.)(*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *cert. denied*, 115 S. Ct. 220 (1994). This court reviews a § 1915(d) dismissal for an abuse of discretion. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

Section 1915(d) dismissals are generally without prejudice. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993). However, if the allegations in the complaint are legally or factually insufficient and cannot be cured by an amendment, a § 1915(d) dismissal may be with prejudice. *See id.* at 319 (legal insufficiency); *see also Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)(factual insufficiency).

b. Has McDonald alleged a cognizable liberty interest?

A prisoner's liberty interest is:

generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 115 S. Ct. 2293, 2300 (1995). "[A]dministrative

4

segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 1996 WL 122607 (1996); *see Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).

A review of McDonald's description of his close confinement with its lack of the many privileged of general population does not indicate atypical or significant hardship beyond the ordinary. McDonald's complaint of the loss of good time privileged does not state a constitutionally protected liberty interest protected by due process. *See Luken*, 71 F.3d at 193. McDonald's objection to the loss of custody upgrades also does not state any cognizable liberty interest. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988)(an inmate has neither a protectible property nor liberty interest in his custody classification).

Further, it is clear from the prison documents attached to the complaint that McDonald was held for several months in D-Custody segregation pursuant to an administrative assignment based on his past disciplinary record, rather than as a form of punishment. Limiting an inmate's freedom inside a prison to protect the security and integrity of the prison unit and to protect the prisoners from each other does not amount to discipline or punishment which would give rise to Constitutional due process concerns. *See Eason v. Thaler*, 73 F.3d 1322, 1326 (5th Cir. 1996).

## CONCLUSION

For the foregoing reason, we affirm the district court's dismissal of McDonald's claims.

AFFIRMED.