Charles Bacy, Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-362-CR
No. 10-97-363-CR
No. 10-97-364-CR

     CHARLES BACY, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 371st District Court
Tarrant County, Texas
Trial Court Nos. 0627740A, 0632747A & 0632751A
                                                                                                                

O P I N I O N
                                                                                                                

      Cause No. 10-97-362-CR (Trial Court No. 0627740A) is an appeal by Appellant Bacy of
his conviction for engaging in organized crime–burglary of a habitation, for which he was
sentenced to 50 years in the Texas Department of Criminal Justice—Institutional Division
(TDCJ-ID).
      Cause No. 10-97-363-CR (Trial Court No. 0632747A) is an appeal of his conviction for
aggravated kidnaping, for which he was sentenced to 50 years in TDCJ-ID.
      Cause No. 10-97-364-CR (Trial Court No. 0632751A) is an appeal by Appellant Bacy of
his conviction for aggravated robbery, for which he was sentenced to 60 years in TDCJ-ID.
      Appellant pled guilty in all three cases on August 26, 1997. It was an open plea. There
was no plea bargain. The trial court ordered a pre-trial investigation and set the punishment
hearing for October 3, 1997, at which time the trial court sentenced Appellant to 50 years in
the burglary case; 50 years in the aggravated kidnaping case; and 60 years in the aggravated
robbery case.
      There is one reporter's record and the briefs are identical in each case.
      Appellant appeals in each case on one identical point of error: "The trial court's
punishment of Appellant constituted cruel or unusual punishment in violation of the Texas
Constitution."
      The range of punishment in each case is the same: Not less than 5 years or more than 99
years or life in TDCJ-ID and a fine not to exceed $10,000.
      At the punishment hearing there was evidence that Appellant grew up with very little adult
supervision. His mother was deceased, his father was a drug addict, and his sister, five years
older than Appellant, was his primary caretaker. Appellant, who is 18 years old, has a child
born while he has been incarcerated. Appellant has completed his GED and claims he has
found the Lord since his incarceration. He testified that he is sorry for his misdeeds and that
his stay in custody has given him a whole new look at life and shown him that this is not where
he wants to be for the rest of his life.
      Appellant's sole complaint is that the punishment assessed is cruel and unusual in violation
of the Texas Constitution. If the punishment assessed is within the range provided by statute,
it is not cruel or unusual under the Texas Constitution. Lambright v. State, 318 S.W.2d 653
(Tex. Crim. Ap. 1958); McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Puga
v. State, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.); Kirk v. State, 949
S.W.2d 769, 772 (Tex. App.—Dallas 1997, no pet.).
      Appellant's punishment in all three cases was within the range of punishment proscribed
by the Legislature for each offense. Thus no error is shown.
      Appellant's point is overruled in each case. The judgment in each case is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 9, 1998
Do not publish
 




ay: Was the act of the court arbitrary or unreasonable? 
Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1982); Landry v. Travelers
Insurance Co., 458 S.W.2d 649, 651 (Tex. 1970). That an appellate court might have decided
a matter within the trial judge's discretion in a different manner does not demonstrate that an abuse
of discretion has occurred. Southwestern Bell Telephone Co. v. Johnson, 389 S.W.2d 645, 648
(Tex. 1965); Jones v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).
REVIEW OF THIS DISMISSAL
          A dismissal under section 13.001(b)(3) is no longer appropriate. See Neitzke v. Williams,
490 U.S. 319, ———, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); Pugh v. Parish of St.
Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex.
App.—Houston [14th Dist.] 1990, writ granted).
          third cause of action
          We overrule Birdo's second point insofar as his third cause of action is concerned. He
alleged in this action that DeBose and Carl "negligently" beat and kicked him and that Furry and
Bradley "negligently" failed to provide medical treatment. Although his petition cites section
104.001 of the Texas Civil Practice and Remedies Code, which provides for state liability for
certain acts of public servants, Birdo brought suit against the employees as individuals and did not
name the state or any state agency as a defendant. See Tex. Civ. Prac. & Rem. Code Ann. §
104.001 (Vernon Supp. 1991). Therefore, the court properly dismissed this claim because the
action's realistic chance of ultimate success was slight. See id. at § 13.001(b)(1).          Recognizing that the test applicable under the federal statute is the one enumerated in our statute
as section 13.001(b)(2) ("a complaint . . . is frivolous where it lacks an arguable basis in law or
in fact") and that our duty is to affirm the dismissal if it was proper under any legal theory, we
will review the dismissal of this negligence action against DeBose, Carl, Furry, and Bradley to
see if Birdo's claims had an arguable basis in law and in fact. See id. at § 13.001(b)(2); Neitzke,
490 U.S. at ———, 109 S.Ct. at 1833; Ross v. Walsh, 629 S.W.2d 823, 826 (Tex. App.—Houston
[14th Dist.] 1982, no writ). 
          The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes
federal courts to dismiss in forma pauperis suits "if the allegation of poverty is untrue, or if
satisfied that the action is frivolous or malicious." See 28 U.S.C.A. § 1915(d) (West 1966). 
Although the federal statute does not contain guidelines for determining when a suit is frivolous,
a dismissal is proper if the claim has no arguable basis in law and fact. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989), cert.
denied, ——— U.S. ———, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Pugh, 875 F.2d at 438. The
"rationale behind granting this power to trial courts is to `prevent abusive or captious litigation'
where the in forma pauperis litigant `lacks an economic incentive to refrain from filing frivolous,
malicious, or repetitive lawsuits.'" Neitzke, 490 U.S. at ———, 109 S.Ct. at 1831; Thompson v.
Erickson, No. 10-90-175, slip op. at 3 (Tex. App.—Waco 1991, n.w.h.). "To this end, the statute
accords judges not only the authority to dismiss a claim based on an indisputably meritless legal
theory, but also the unusual power to pierce the veil of the complainant's factual allegations and
dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at ———,
109 S.Ct. at 1833. An example of an indisputably meritless legal theory occurs where the petition
asserts claims against which the defendants are immune from suit. Id. An example of factually
baseless contentions occurs where the petition describes claims arising out of fantastic or
delusional scenarios. Id.
          Thus, the court could have concluded that Birdo's third cause of action was based on an
indisputably meritless legal theory because he did not make the state a defendant. See id.; Tex.
Civ. Prac. & Rem. Code Ann. §§ 13.001(b)(2), 104.001 (Vernon Supp. 1991).
          first and second causes of action
          As to Birdo's first two causes of action, we hold that the dismissal was improper. Birdo's
first claim was that DeBose, "acting alone and in concert [with Carl] without any provocation or
justification, roughly and tightly grabbed [him] by the neck" while he was handcuffed. He further
alleged that he was "slammed" to the floor and hit and kicked by the men. He stated that he
suffered physical injuries as well as mental anguish. The petition clearly alleged that the guards
were not acting in good faith nor within the scope of their authority. Therefore, they enjoyed no
immunity from personal liability. See Johnson, 799 S.W.2d at 347. This action against Carl and
DeBose was based on valid legal theories—the common-law torts of assault and battery.
          Birdo's second claim was also based on a valid legal theory. Section 1983 of Title 42 of
the United States Code imposes liability on "[e]very person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any
citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws . . . . " 42 U.S.C.A. § 1983 (West 1981). Birdo complained in this
action that DeBose and Carl violated his constitutional rights of "freedom of speech" and "petition
for redress" under the 1st and 14th amendments by intentionally and maliciously, and without
provocation, assaulting him in retaliation for letters Birdo had written to the Federal Bureau of
Investigation and to certain female prison employees. The petition stated that the letters sent to
the F.B.I. informed it that DeBose had told Birdo that certain white officers were plotting to "get
[him] real good or kill [him]." Birdo alleged that, as DeBose and Carl were "repeatedly" kicking
and beating him, they were saying, "No more letters, no more letters." These allegations were
sufficient to raise possible 1st and 14th amendment violations. See, e.g., Andrade v. Hauck, 452
F.2d 1071, 1072 (5th Cir. 1971) (holding that, under the 14th amendment, "no person subject to
the power of government can be denied communication with or access to each of the three spheres
of governmental authority"); Woods v. Aldworth, 561 F. Supp. 891, 892 (N.D. Ill. 1983)
(recognizing that prisoners have a right under the 1st and 14th amendments to receive
communication free from arbitrary or unjustified governmental interference). Although he did not
specifically cite the particular constitutional violation, Birdo's petition also raises a section 1983
claim for violations of his rights under the 8th amendment. See U.S. Const. amend. VIII. The
8th amendment prohibits the infliction of cruel and unusual punishment. See id. Because prison
inmates' complaints are to be construed liberally, we hold that Birdo's allegations of assault in his
section 1983 claim were sufficient to allege a violation of his rights under the 8th amendment. See
id.; Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1981); Morgan v. LaVallee, 526 F.2d 221, 224
(2nd Cir. 1975); see also Blake v. Katter, 693 F.2d 677, 682 (7th Cir. 1982) (holding that a pro
se section 1983 complaint was not subject to dismissal even though plaintiff's claim should have
been brought under the 14th amendment instead of the 8th amendment).
          We are not saying that we believe Birdo will prevail on any or all of his claims or that he
could even win a summary judgment hearing. However, as the court stated in Green v. McKaskle:
It is, of course, not always easy to determine whether a claim is
frivolous simply by examining the pleadings. Prisoner complaints
are notoriously difficult to decipher, and pro se pleadings must be
construed liberally. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594,
30 L.Ed.2d 652 (1972). Unless the frivolousness of a claim is
facially apparent, it is `incumbent upon the court to develop the
case and to sift the claims and known facts thoroughly until
completely satisfied either of its merit or lack of same.'
Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). The United States Supreme Court has
held that even a petition which fails to state a claim, which would be subject to dismissal under
Federal Rule of Civil Procedure 12(b)(6), is not necessarily frivolous. See Neitzke, 490 U.S. at
———, 109 S.Ct. at 1833-34; Fed. R. Civ. P. 12(b)(6).
          We do not see how the court could determine, based upon the allegations in Birdo's first
two causes of actions, that his realistic chance of ultimate success was slight. See Tex. Civ.
Prac. & Rem. Code Ann. § 13.001(b)(1) (Vernon's Supp. 1991). And, applying the standard
set out in Neitzke, we do not believe that Birdo's claims were based on an "indisputably meritless
legal theory" or that his factual allegations were "clearly baseless." See Neitzke, 490 U.S. at
———, 109 S.Ct. at 1833.
          summary 
          We hold that the court's dismissal of Birdo's suit was unreasonable and sustain point two
as to Birdo's claims against DeBose and Carl for assault and battery and for violations of section
1983. See Smithson, 665 S.W.2d at 443; Landry, 458 S.W.2d at 651; 42 U.S.C.A. § 1983 (West
1981). 
CONSTITUTIONAL CHALLENGES
          Point one asserts that the dismissal under (b)(1) and (3) of section 13.001 violated Birdo's
constitutional rights under the 1st and 14th amendments to the United States Constitution. See
U.S. Const. amends. I, XIV. Birdo made a constitutional challenge in the trial court by filing
a "Motion to Vacate Final Order of Dismissal and Motion for Hearing" after his suit was
dismissed. 
          We do not reach this point because Birdo's section 104.001 claim—the state liability
claim—would have been properly dismissed under section 13.001(b)(2) even if (b)(1) and (b)(3)
are unconstitutional. See Tex. Civ. Prac. & Rem. Code Ann. §§ 13.001(b)(2), 104.001 (Vernon
Supp. 1991). And further, we do not reach point one because the dismissal of Birdo's first two
causes of action was improper irrespective of the constitutionality of (b)(1) and (b)(3). See id. at
§ 13.001(b)(1),(3).
CONCLUSION
          The cause is reversed and remanded for further proceedings in accordance with this
opinion.     


                                                                                           BILL VANCE
                                                                                           Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded 
Opinion delivered and filed October 30, 1991
Publish