IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 99-31322
Summary Calendar

————————————

JOHN LEWIS OVERBEY,

Plaintiff-Appellant,

versus

GLYNN D. ROBERTS; PENNY
WISE DOUCIERE; KELLY THURMAN,

Defendants-Appellees.

————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1159

————————————————————————————
May 12, 2000

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John Lewis Overbey, a Louisiana prisoner, appeals the dismissal of his 42

U.S.C. § 1983 civil rights action as frivolous.  He challenges the dismissal of his

claims against Penny Wise Douciere, the prosecutor in state criminal proceedings

resulting in his conviction for second-degree kidnapping, and Kelly Thurman, the

probation officer in those proceedings.  Specifically, Overbey contends that

————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Douciere allowed him to be sentenced on the basis of inaccurate information and threatened to prosecute him on additional charges when she included in the state's brief on appeal the phrase "and these other indictable charges."  As to Thurman, he contends that the presentence report she prepared contained inaccurate information which later was used to enhance his sentence.[1]

The district court properly concluded that Douciere was entitled to absolute immunity with regard to Overbey's claims.[2]  Although not explicitly relied on by the district court, Thurman was likewise entitled to absolute immunity with regard to Overbey's claim that she prepared an inaccurate presentence report.[3]  Because both Douciere and Thurman were entitled to absolute immunity, the district court did not abuse its discretion in dismissing Overbey's § 1983 complaint as frivolous.[4]

Overbey also challenges the district court's decision to dismiss his claims without prejudice, to the extent that they were cognizable in a petition for habeas corpus, for failure to exhaust state remedies.  Overbey has neither alleged nor shown

---

[1]Although Overbey initially sued Judge Glynn D. Roberts, he has expressly abandoned any challenge to the dismissal of his claims against the Judge.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

[2]Imbler v. Pachtman, 424 U.S. 409 (1976); Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629 (5th Cir. 2000); Brummett v. Camble, 946 F.2d 1178 (5th Cir. 1991).

[3]Freeze v. Griffith, 849 F.2d 172 (5th Cir. 1988); Spaulding v. Nielsen, 599 F.2d 728 (5th Cir. 1979); Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998)(stating that this court may affirm the district court's dismissal of a § 1983 suit on valid alternative grounds), cert. denied, 526 U.S. 1133 (1999).

[4]Siglar v. Hightower, 112 F.3d 191(5th Cir. 1997); Pugh v. Parish of St. Tammany, 875 F.2d 436 (5th Cir. 1989).

2

that his claims have been exhausted through the Louisiana Supreme Court.[5] Accordingly, the district court properly dismissed without prejudice that aspect of Overbey's complaint that sounded in habeas corpus.[6]

Overbey's appeal is frivolous and it is therefore DISMISSED.[7] The dismissal of the complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike against Overbey for purposes of 28 U.S.C. § 1915(g).[8] We caution Overbey that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[9]

APPEAL DISMISSED; § 1915(g) WARNING ISSUED.

---

[5]Mercadel v. Cain, 179 F.3d 271(5th Cir. 1999); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).

[6]Pugh, 875 F.2d at 439.

[7]Howard v. King, 707 F.2d 215 (5th Cir. 1983); 5TH CIR. R. 42.2.

[8]Patton v. Jefferson Correctional Ctr., 136 F.3d 458 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383(5th Cir. 1996).

[9]28 U.S.C. § 1915(g).